THE STATE OF IOWA, Appellee, v. GEORGE SILVERS, Appellant.

THE SAME v. JOHN HIRSCHANER, Appellant.

THE SAME v. CHAS. JONES AND JAMES ENGER, Appellants.

THE SAME v. MALIS GALLAGER, Appellant.

THE SAME v. J. B. SUTTON, Appellant.

Impaneling Grand Jury : SELECTION OF BYSTANDER : STARE DECISIS.

*Appeals from Wapello District Court.*—HON. H. C. TRAVERSE, Judge.

WEDNESDAY, JANUARY 21, 1891.

THE defendants were each indicted and convicted of the crime of keeping a nuisance by maintaining a place for the unlawful sale of intoxicating liquors. They now appeal. The cases are submitted and tried together in this court.—*Affirmed.*

*Burton & Jacques,* for appellants.

*John Y. Stone,* Attorney General, for appellee.

BECK, C. J.—I. When the grand jury which found the indictments in these cases was impaneled, twelve jurors answered to their names, of whom seven were selected, as prescribed by law. One of those was afterwards excused by the court. Thereupon the sheriff was directed by the court to select a juror from the bystanders, whereupon he summoned one of the five grand jurors who had appeared, and had not been selected, all of whom were then in the court. The defendant in each case moved to set aside the indictment on the ground that the grand jury had not been lawfully selected. The motion in each case was overruled.

II. The facts of these cases are identical with thoce of *State v. Gurlagh*, 76 Iowa, 141, in which a motion to set aside the indictment upon the very grounds of the motion in this case was overruled. The decision in that case is assailed by counsel, and we are asked to overrule it. We think it was rightly decided, and we adhere to it.

III. Even did we regard the prior decision as doubtful, we would not disturb it, for there can be no safety in changing doubtful rules. The interest of the state, and the right administration of justice, demand that rules be settled, and because a rule is doubtful it must not be held open for change to another doubtful rule. Stability in the administration of the law is demanded, and oscillations in the decisions of courts ought to be avoided. Changing decisions in doubtful cases does not remove doubt. Neither justice nor wisdom requires a court to go from one doubtful rule to another. We adhere to the rules of *State v. Gurlagh*, and, following it, we order the judgment of the district court in each of these cases to be AFFIRMED.

GRANGER, J. (*concurring*).—I concur in the affirmance of this case solely on the authority of *State v. Gurlagh*. If it were an original question, I should hold to the views expressed in the dissenting opinion in that case.

ROBINSON, J. (*dissenting*).—I dissent for the reasons stated in dissenting opinion in *State v. Gurlagh*.